FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
JAN 2 2 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1  THOMAS P. O'BRIEN
   United States Attorney
2  GREGORY G. KATSAS
   Acting Assistant Attorney General
3  Civil Division
   PATRICIA M. CORRALES
4  Attorney-California Bar No. 183249
   Office of Immigration Litigation
5  United States Department of Justice
   Civil Division
6  300 North Los Angeles Street/Room 8108
   Los Angeles, California 90012
7  Telephone: (213) 894-8627
   Facsimile:  (213) 894-2648
8  E-Mail: Patricia.Corrales@DHS.gov

9
   Attorneys for Plaintiff
10 United States of America

11 THOMAS E. KENT, ESQ.   (SBN107238)
   LEE & KENT
12 915 Wilshire Boulevard, Suite 2050
   Los Angeles, California  90017
13 Telephone: (213) 380-2828
   Facsimile: (213) 380-2826
14 Email: tkent@leekent.com

15 Attorneys for Defendant

16
17                    UNITED STATES DISTRICT COURT
18                   CENTRAL DISTRICT OF CALIFORNIA
19

| 20 | UNITED STATES OF AMERICA, | ) | CV-08-5542-MMM (Ex) |
|---|---|---|---|
| 21 | PLAINTIFF, | ) | |
| 22 | | ) | **CONSENT JUDGMENT REVOKING NATURALIZATION [PROPOSED] ORDER** |
| 23 | V. | ) | |
| 24 | | ) | |
| 25 | SAM JOO YOON | ) | |
| 26 | DEFENDANT. | ) | |

27
28

Page 1

The United States of America ("Plaintiff"), and Sam Joo Yoon ("Defendant"), by and through their attorneys, hereby enter into this Consent Judgment and Settlement Agreement, subject to the approval of the Court pursuant to the Rules of Civil Procedure.

Plaintiff filed a Complaint seeking to revoke the order admitting Defendant to United States citizenship and to cancel his certificate of naturalization. The Complaint alleges that Defendant procured his naturalization illegally and that he also procured his naturalization by willfully misrepresenting material facts. Either illegal procurement or procurement by willful misrepresentation or concealment of material facts requires that naturalization be revoked pursuant to 8 U.S.C. § 1451(a). Kungys v. United States, 485 U.S. 759, 778 (1988); Fedorenko v. United States, 449 U.S. 490, 506-07, 514-15 (1981).

Defendant has read the Complaint and its supporting Affidavit of Good Cause. As a result of the Settlement Agreement reached between the parties (Attached as **Exhibit A** and **B**), Defendant admits to Count I of the Complaint and all allegations relevant to those counts. (Compl. ¶¶ 1-32). Furthermore, Defendant concedes that he is subject to denaturalization pursuant to 8 U.S.C. § 1451(a) because he procured his naturalization illegally.

Page 2

Defendant concedes and admits that he was ineligible, as a matter of law, for naturalization as a result of: (1) committing unlawful acts that adversely reflected upon his moral character during the statutory period necessary to become a United States citizen. Specifically, Defendant concedes and admits that on April 13, 1992, during the statutory period when Defendant was required to establish he was a person of good moral character, Defendant pleaded guilty to a felony violation of section 487(1) of the California Penal Code and admitted that he had committed the essential elements of the crime of Grand Theft of Personal Property by willfully and unlawfully taking $12,289.00 from the Farmers Insurance Company as a result of willfully filing a fraudulent insurance claim. See ¶¶ 20-32 of Complaint.

Based upon his admission and concession to Count I, Defendant consents to the entry of an Order revoking his Citizenship and cancelling his Certificate of Naturalization, Number 14 985 522.

//

//

//

//

//

Page 3

As referenced above, the parties have entered into a Settlement Agreement concerning this matter, attached hereto as **Exhibit A** and **B**.

Approved as to form and substance:

FOR PLAINTIFF:

Dated: Nov. 12, 2008

                GREGORY G. KATSAS
                Assistant Attorney General
                Civil Division
                DAVID J. KLINE
                Director, District Court Section
                JOSHUA E. BRAUNSTEIN
                Assistant Director
                BENJAMIN J. ZEITLIN
                Attorney


                /s/ Patricia M. Corrales
                PATRICIA M. CORRALES
                Attorney
                Office of Immigration Litigation
                U.S. Department of Justice
                Civil Division
                300 N. Los Angeles Street/#8108
                Los Angeles, California 90012

                Attorneys for Plaintiff
                United States of America

FOR DEFENDANT:

Dated: 10/27/2008

Thomas E. Kent, Esq.
Jay Lee, Esq.
Law Offices Of LEE & KENT
915 Wilshire Blvd., Suite 2050
Los Angeles, CA 90017

Attorneys for Defendant

Dated: 10/22/2008

SAM JOO YOON
Defendant

## ORDER

**THEREFORE,** pursuant to the Settlement Agreement, attached as Exhibit A and B, and based upon the admissions and concession made herein:

**THE PARTIES CONSENT TO JUDGMENT AS FOLLOWS, AND IT IS HEREBY ORDERED THAT:**

1. The September 17, 1993, naturalization of Defendant ordered by the Attorney General of the United States and admitting Defendant to United States citizenship, is **REVOKED** and **SET ASIDE** and Certificate of Naturalization No. 14 985 522, issued by the Attorney General of the United States, is **CANCELLED.**

Page 5

2. From the date of this Order, Defendant is forever **RESTRAINED** and **ENJOINED** from claiming any rights, privileges, or advantages under any document that evidences United States citizenship obtained as a result of Defendant's September 17, 1993, naturalization.

3. As part of the Settlement Agreement, Defendant is ordered to **SURRENDER** and **DELIVER** his Certificate of Naturalization to the Attorney General's representative and Defendant further is ordered to **SURRENDER** and **DELIVER**, if not surrendered previously, any other indicia of United States citizenship, including his United States Passport, to the Attorney General's representative within ten (10) days of the Court's order.

Dated: 01.22.09

*Margaret M. Morrow*
Honorable Margaret M. Morrow
United States District Court Judge

## SETTLEMENT AGREEMENT

**WHEREAS**, pursuant to 8 U.S.C. § 1451(a), the United States of America, by and through its counsel indicated below, has commenced an action in the United States District Court for the Central District of California (No. CV-08-05542-MMM) seeking the revocation and setting aside of the September 17, 1993, Order admitting Sam Joo Yoon to United States Citizenship and the cancellation of Sam Joo Yoon's Certificate of Naturalization, Number 14 985 522.

**NOW THEREFORE**, in order to settle this matter, and in the best interest of all parties, the United States of America ("Plaintiff") and Sam Joo Yoon ("Defendant"), agree as follows:

1. Defendant has read and understands the Settlement Agreement and the Consent Judgment, which are in English. The translation of this Settlement Agreement or the Consent Judgment, if necessary to assist Defendant's understanding, has been the sole responsibility of Defendant and his counsel.

2. Defendant has read and understands the allegations contained in the complaint filed by Plaintiff. Defendant admits all the allegations relevant to Count I of the complaint. Compl. ¶¶ (1-32). Defendant concedes that he is subject to denaturalization pursuant to 8 U.S.C. § 1451(a), because he was not, at the time he obtained his U.S. citizenship, a person of good moral character, during the relevant period, as required by law, and was therefore ineligible for naturalization pursuant to 8 U.S.C. § 1427(a)(3).

3. Based upon his admissions and concessions set forth in ¶ 2 above, Defendant consents to the entry of an Order revoking his Citizenship and cancelling his Certificate of Naturalization, Number 14 985 522.

Page 2    Sam Joo Yoon Settlement Agreement          **EXHIBIT A**

4. Defendant agrees to surrender his Certificate of Naturalization, Number 14 985 522, in addition to any copies thereof in his possession, along with any other indicia of United States citizenship, such as a United States passport or any other documents, to the U.S. Attorney General or one of his representatives upon execution of this Settlement Agreement and prior to the filing of an executed Consent Judgment.

5. Plaintiff agrees, as part of this Settlement Agreement, that upon entry of the Consent Judgment, Defendant will revert to his former status as a Lawful Permanent Resident. U.S. Citizenship and Immigration Services ("CIS"), agrees to issue Defendant a Permanent Resident Card (I-551) upon the filing and processing of an Application to Replace Permanent Resident Card and payment of the required fee (Form I-90).

6. U.S. Immigration and Customs Enforcement ("ICE"), upon entry of the Consent Judgment, agrees that it will not commence removal proceedings against Defendant under section 237 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227, or any future INA provision defining classes of deportable aliens, based on Defendant's April 13, 1992, conviction of Grand Theft of Personal Property against Farmers Insurance in violation of section 487.1 of the California Penal Code. Plaintiff reserves the right to initiate removal proceedings against Defendant under section 237 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227, or any future INA provision defining classes of deportable aliens if, after entering into the Consent Judgement, Defendant is: (a) convicted, by any court of law, of any future criminal offense; (b) later found guilty of committing any crime prior to entering the Consent Judgement;

Sam Joo Yoon Settlement Agreement

EXHIBIT A

and/or (c) violates any law of the United States pertaining to immigration or naturalization of which Plaintiff is currently unaware.

7. Defendant understands and agrees that Plaintiff makes no representation regarding Defendant's admissibility to the United States under Section 212 of the INA, 8 U.S.C. § 1182. Defendant further understands that if he leaves the United States and attempts to re-enter, he may be found inadmissable based on his April 13, 1992, conviction of Grand Theft of Personal Property in violation of section 487.1 of the California Penal Code, and on any additional crimes committed by Defendant before or after entering the Consent Judgment.

8. DHS ICE agrees, as part of this Settlement Agreement, that it will not refer Defendant's case for criminal prosecution to the United States Attorney's Office for the Central District of California for violations of 18 U.S.C. § 1001, 18 U.S.C. § 1425, or similar statutory provisions based upon his illegal procurement of his September 17, 1993, naturalization. Nothing in this Settlement Agreement, however, should be construed to prevent the United States Attorney's Office from prosecuting Defendant for any outstanding crimes that he has committed of which the government is unaware or for any future crimes he may commit.

9. Defendant agrees that he will not apply for naturalization within five years of the date the order revoking his citizenship is entered. Plaintiff makes no representation that Defendant will be eligible for citizenship or that any application for naturalization would be granted in the future.

10. Defendant understands that upon entry of the Consent Judgment, he can no longer claim any rights, privileges, or advantages from his revoked United States citizenship, obtained as a result of his

September 17, 1993, naturalization and that claiming any rights, privileges or advantages of U.S. citizenship may subject him to possible criminal and civil penalties.

11. In entering this Agreement, Defendant agrees that neither he nor his heirs or her assigns will challenge Defendant's subsequent denaturalization by any means, including but not limited to, any appeal (whether administrative or judicial), any collateral attack, or any application for injunctive action, or for equitable relief.

12. The parties will each bear their own attorneys' fees, costs, and expenses, if any, incurred in this matter.

13. Defendant enters into this Settlement Agreement knowingly, voluntarily, without duress or compulsion of any kind from Plaintiff or any other individual or entity, and with full knowledge of the consequences.

14. This Settlement Agreement constitutes the full, complete, and entire agreement between Plaintiff and Defendant. Plaintiff and Defendant acknowledge that no party, agent, or attorney of any party has made any promise, representation, or warranty whatsoever, either express or implied, not contained herein, concerning the subject matter herein, to induce the other party to execute this Agreement. Plaintiff and Defendant further acknowledge that they have not executed this Agreement in reliance upon any such promise, representation, or warranty not contained herein.

//
//
//
//

EXHIBIT A

FOR PLAINTIFF:

Dated: _____

GREGORY D. KATSAS
Assistant Attorney General
Civil Division

DAVID J. KLINE
Director, District Court Section

JOSHUA E. BRAUNSTEIN
Assistant Director

BENJAMIN J. ZEITLIN
Attorney

/s/ Patricia M. Corrales
PATRICIA M. CORRALES
Attorney
Office of Immigration Litigation

Attorneys for Plaintiff
United States of America

FOR DEFENDANT:

Dated: 10/27/2008

/s/ Thomas E. Kent
THOMAS E. KENT, ESQ.
915 Wilshire Blvd.
Suite 2050
Los Angeles, CA 90017

Attorneys for Defendant

I, Sam Joo Yoon, have read this Settlement Agreement, which is in English, and understand its terms. The significance of the terms of this Settlement Agreement has also been explained to me by my attorney. I agree to accept all duties and limitations placed on me by this Settlement Agreement.

Dated: _____   _____
Sam Joo Yoon
Defendant

Page 11   Sam Joo Yoon Settlement Agreement

EXHIBIT A

*Office of the Principal Legal Advisor*

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

October 30, 2008

David Kline
Director
District Court Section
Office of Immigration Litigation
450 5th Street, NW, Room 2407
Washington, DC 20044

Thomas P. O'Brien
United States Attorney
Central District of California
Suite 1200
312 N. Spring Street
Los Angeles, CA 90012

Re:  Settlement Agreement in the Denaturalization Case of *United States v. Sam Joo Yoon*, United States District Court, Central District of California, Case No. 2:2008-CV-05542-MMM

Dear Msrs. Kline and O'Brien:

Sam Joo Yoon ("Mr. Yoon") acquired his United States citizenship through naturalization on or about September 17, 1993. On or about October 2, 20087, the United States of America ("the Government"), by and through its counsel, filed an action against Mr. Yoon in the United States District Court for the Central District of California seeking revocation of Mr. Yoon's naturalization pursuant to 8 U.S.C. § 1451(a).

The complaint in this matter charges that Mr. Yoon: (1) illegally procured his naturalization because he committed unlawful acts that adversely reflect upon his moral character during the statutory period, during which he needed to establish good moral character; and (2) procured his naturalization by willful misrepresentation or concealment of his criminal history during the naturalization process.

The Government has engaged in settlement negotiations with Mr. Yoon, and he has indicated that he will consent to an order of denaturalization based on the grounds set forth in the complaint, provided that the Department of Homeland Security ("DHS") agrees that upon entry of the Consent Judgment, Mr. Yoon will revert to his former status as a Lawful Permanent Resident. Further, DHS agrees that it will not commence removal proceedings against Mr. Yoon based on his April 13, 1992, conviction of Grand Theft of Personal Property against



EXHIBIT B

www.ice.gov

Page 2

Farmers Insurance in violation of § 487.1 of the California Penal Code and DHS will not refer Mr. Yoon's case to the United States Attorney's Office for criminal prosecution of violations of 18 U.S.C. §§ 1001, 1425, or similar statutory provisions, based upon his illegal procurement of his September 15, 1993 naturalization.

DHS does, however, reserve the right to initiate removal proceedings against Mr. Yoon if he (1) is convicted, by any court of law, of any future criminal offense, (2) is later found guilty of committing any crime prior to entering the Consent Judgment, and/or (3) has been convicted of violating any laws of the United States of which DHS is currently unaware. Nothing in the Settlement Agreement prevents the United States Attorney's Office from prosecuting Mr. Yoon for any crimes that he has committed or for any future crimes he may commit. Furthermore, should Mr. Yoon leave the United States and attempt to return, nothing in the Settlement Agreement prevents DHS from finding Mr. Yoon inadmissible to the United States under 8 U.S.C. § 1182 based on his April 7, 1997 conviction.

DHS agrees to this settlement agreement on the condition that Mr. Yoon wait five years from the date of the entry of the Consent Judgment to reapply for naturalization and that neither Mr. Yoon nor his heirs or assigns will challenge the revocation of Mr. Yoon's naturalization by any means, including but not limited to, any appeal (whether administrative or judicial), any collateral attack, or any application for injunctive action, equitable relief, or legislative action.

Based on these terms, I agree to the proposed settlement agreement. You may file this letter, or a copy, with the District Court, as provided in 28 C.F.R. § 0.197.

Sincerely,

Michael Neufeld
Principal Legal Advisor



EXHIBIT B